IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**NIEYA ANDIE OWUSU ANSAH**,   )
                              )
       Plaintiff,             )
                              )
   v.                         )   2:24cv1376
                              )   **Electronic Filing**
**DILLARD LAWRENCE**          )
                              )
                              )
                              )
       Defendant.             )

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 8th day of August, 2025, for the reasons set forth in the memorandum below, IT IS ORDERED that plaintiff's motion to proceed *in forma pauperis* be, and the same hereby is, GRANTED. The Clerk of Court shall file [1] plaintiff's complaint;

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted; and

IT FURTHER IS ORDERED that all pending motions be, and the same hereby are, denied as moot.

Nieya Andie Owusu Ansah ("plaintiff") commenced this civil action against defendant Dillard Lawrence by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to assert a Bivens claim for "identity theft/fraud." Complaint for Violation of Civil Rights (Doc. No. 1) at p. 3-4. Plaintiff identifies Lawrence as a property owner in Joshua Tree, California, and a "Jamaica resident." Id. at 2. Plaintiff alleges that defendant asked her "to be a reference to [a] car" and "not a cosigner" and goes on to state that defendant's wife "was so rude" to her and threatened her and her family "with violence" and "assault." Id. at 4.

Plaintiff does not provide further factual information about who Dillard Lawrence is, his involvement in the circumstance giving rise to plaintiff's claim of identity theft or how he is subject to the jurisdiction of this court.

The United State Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis.  First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a).  Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[1]  Roman v Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  The court finds plaintiff to be without sufficient funds to pay the required filing fee.  Thus, she will be granted leave to proceed in forma pauperis.

Next, plaintiff's complaint is frivolous and will be dismissed because it fails to establish jurisdiction and/or state a claim upon which relief may be granted.  In Neitzke, the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id. at 328.  In addition, Congress has expanded the scope of 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

Reviewing the complaint with the less stringent standard that *pro se* pleadings require, plaintiff's complaint fails to establish jurisdiction and/or state a claim upon which relief can be

---

[1] This provision is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).

granted. Plaintiff has the obligation to plead sufficient facts to establish that the court has subject matter jurisdiction over the lawsuit. The compliant fails to establish subject matter jurisdiction over the lawsuit. Therefore, the complaint is subject to dismissal for lack of jurisdiction.

Additionally, it is well settled that although a complaint does not require detailed factual allegations, it must have more than "the defendant-unlawfully-harmed-me" accusations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Merely writing a "formulaic recitation of the elements of a cause of actions" or a "'naked assertion' devoid of further factual enhancement" does not meet the requirements to proceed with a complaint. Id. The complaint lacks facts and information to infer or assume that the claims have a viable ground for recovery. Therefore, the complaint fails to contain sufficient factual contentions to set forward a plausible claim for relief.

The complaint that fails to establish subject matter jurisdiction and fails to state a claim upon which relief can be granted. Accordingly, it will be dismissed.[2]

                                                s/David Stewart Cercone
                                                David Stewart Cercone
                                                Senior United States District Judge

---

[2] Generally, a plaintiff is to be granted leave to amend where an amendment might be able to cure the deficiencies resulting in the dismissal. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). This principle does not apply, however, when the record indicates that any attempt to do so would be futile. Grayson v. Mayview State Hosp., 293 F. 3d 103, 108 (3d Cir. 2002). Here, plaintiff does not provide facts to support her claims that the "defendant" was involved in or harmed her in a way that would give rise to a "Bivens" claim. Nor does it appear that there is any reasonable basis to assume she might be able to do so. Therefore, plaintiff's claim has been dismissed and the case will be closed.

cc: Nieya Andie Owusu Ansah
111 Tecumseh Street
Apartment #206
Hazlewood, PA 15207

(*Via CM/ECF Electronic Mail*)